UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NAISHA JACKSON,

                              Petitioner,


                -against-                                                    09 Civ. 5895 (LAK)


GOOD SHEPHERD SERVICES, et al.,

                              Respondents,
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**
(Corrected)


        Appearances:


                        Sherilyn Dandridge
                        *Attorney for Petitioner*


                        Mark J. Monte
                        Richard J. Cea
                        WINGATE KEARNEY & CULLEN LLP
                        *Attorneys for Respondents Other than City of New York*


LEWIS A. KAPLAN, *District Judge.*

                This application presents interesting questions concerning applications pursuant to

Federal Civil Rule 27, which permits district courts, in appropriate circumstances, to allow the

perpetuation of evidence and testimony prior to the commencement of a plenary action.

*Facts*

*The Employment Dispute and the Rule 27 Application*

Naisha Jackson was employed by Good Shepherd Services as an intern coordinator at a school operated by it on City-owned premises in the Bronx.  She was terminated for alleged misconduct following an incident with a student that occurred on May 8, 2009 which she believes was captured on a security video tape.  She asserts that her termination in fact was the result of employment discrimination in violation and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and has filed a charge with the Equal Employment Opportunity Commission ("EEOC").  As that charge remains pending, she has not received a right to sue letter and therefore cannot commence a Title VII action.  She has petitioned this Court, pursuant to Rule 27, for an order  allowing her to conduct depositions and obtain the video tape and other supposed "key documents" prior to the commencement of the action in consequence of the delay attendant to her exhaustion of her administrative remedies before the EEOC and her fear that the video tape and the documents will disappear before she may commence a Title VII action.

*The Procedural Background*

The initial petition was filed on June 26, 2009.  As it did not allege any basis of federal subject matter jurisdiction, the Court on July 15, 2009, notified petitioner that the petition would be dismissed on that ground absent the filing of an amended petition.  The amended petition eventually was filed on September 29, 2009.[1]  It alleges that no independent basis of federal subject jurisdiction is

---

[1] The procedural problems that occurred between July 15 and September 29 all now are immaterial.

necessary in light of *Mosseler v. United States,*[2] which observed that Rule 27 is "a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue requirements do not apply."[3] Respondents other than the City of New York now move to dismiss.

*Discussion*

*Subject Matter Jurisdiction*

Federal courts are *fora* of limited jurisdiction and may entertain only those cases and controversies that Congress empowers them to hear and determine.[4]  Nevertheless, district courts are bound also to follow controlling precedents of the courts of appeals for their circuits.  Accordingly, if *Mosseler* constituted such a precedent, this Court would be obliged to follow it.  That, however, is by no means an obvious matter.

*Mosseler* presented squarely the question "whether the district court had jurisdiction to authorize the taking of a deposition to perpetuate testimony for use in an action to be thereafter commenced in the admiralty seeking damages for personal injuries from the United States of America."[5] The circuit's opinion began by tracing the history of bills to perpetuate testimony in Roman law and English chancery practice and noted, critically, that the English practice had been  "written by Congress into the Act of 1789, 1 Stat. 90, [then] embodied in 28 U.S.C.A. § 644 [formerly Rev. St. 866]," which "provides broadly that 'any district court, upon application to it as a court of equity, may, according to

---

[2]     158 F.2d 380 (2d Cir. 1946).

[3]     *Id.* at 382.

[4]     *E.g., Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).

[5]     158 F.2d at 381.

the usages of chancery, direct depositions to be taken in perpetuam rei memoriam, if they relate to any matters that may be cognizable in any court of the United States.'"[6]  It then concluded as follows:

> "With a statute so extensive it seems clear that, contrary to the argument upon the part of the United States, the equity proceeding thus authorized may be utilized to perpetuate testimony for use in an admiralty libel . . ."[7]

*Mosseler* therefore is as clear as a bell.  If the statute upon which it relied were still on the books, it would control here.  But it is not.  *Mosseler* therefore no longer is good authority.

Congress in 1948 enacted a revised and restated title 28 into the United States Code.  The Act of June 25, 1948,[8] by which it did so repealed Section 644 of title 28 (former Rev. Stat. 866),[9]  the basis for the *Mosseler* decision. While the repeal evidently was motivated by the view that the subject was covered adequately by Rule 27,[10] there is no indication that Congress focused on the effect of the repeal on subject matter jurisdiction.

Nor may jurisdiction be grounded in the Federal Rules of Civil Procedure themselves.  As the Supreme Court has held, no rule of court may enlarge or restrict the jurisdiction conferred by Congress.[11]  Accordingly, Rule 82 specifically forecloses that option, stating in relevant part that "[t]hese rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."

---

[6]  *Id.*

[7]  *Id.*

[8]  c. 646, 62 Stat. 869.

[9]  *Id.* 62 Stat. 992-93.

[10]  *See* 6 MOORE'S FEDERAL PRACTICE § 27App.100 (3d ed. 2009).

[11]  *E.g., United States v. Sherwood,* 312 U.S. 584, 589-90 (1941); 16A CHARLES ALAN  WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3947.1 (3d ed. 2009).

Petitioner has pointed to no remaining statutory basis for jurisdiction over a Rule 27 petition, and the Court has found none. This leaves Rule 27 in an anomalous situation. In situations in which a petitioner seeks pre-action discovery against persons of diverse citizenship, jurisdiction could be grounded in the diversity statute, Section 1332 of the United States Code.[12] But a petitioner seeking such discovery from persons or entities of common citizenship or in circumstances where there is no other proper basis of subject matter jurisdiction is left without a remedy under Rule 27.[13]

It is unlikely that Congress – by repealing Section 644 of title 28 of the pre-1948 United States Code – intended to achieve this result. But the Court is compelled to the conclusion that achieve this result it did. While it would be desirable for Congress to consider whether to reenact the former jurisdictional grant, this Court now lacks subject matter jurisdiction over this petition. Fortunately, however, the lack of jurisdiction has created no injustice in this case, as petitioner would not be entitled to relief under Rule 27 even if the Court were empowered to grant it.

*The Merits*

In order to obtain depositions under Rule 27, the petitioner is obliged to show that she expects to file an action cognizable in federal court that cannot yet be filed, the substance of the proposed deponents and the reasons why it is important, and a risk that the testimony will be lost if not preserved.[14] This standard has not been met. Not only is there doubt as to petitioner's claim that she

---

[12]

There may be other, similar circumstances. *See, e.g.,* 28 U.S.C. § 1334(b) (conferring jurisdiction over actions relating to bankruptcies).

[13]

In New York, relief may be available in the state courts under N.Y. CPLR § 3102(c).

[14]

6 MOORE'S FEDERAL PRACTICE § 27.13[2].

6

cannot yet file her intended Title VII action[15] and as to whether the documents and things she seeks (e.g., the video tape) are discoverable under Rule 27[16] and possessed by the persons she asks to depose, but she has not shown a sufficient risk that the testimony and other materials would be lost absent Rule 27 discovery. She makes no effort at all to show that the testimony of the witnesses otherwise will be lost. Her only claim with respect to the video tape and documents is that several schools share premises with Good Shepherd Services and that "theft has occurred on the premise." That is entirely too conclusory to satisfy the rule.[17]

*Conclusion*

For the foregoing reasons, the amended petition is dismissed for lack of subject matter jurisdiction and, in the alternative, on the merits.

SO ORDERED.

Dated:          November 6, 2009
Corrected:   November 18, 2009

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[15]    While a right to sue letter has not yet been issued and is a prerequisite to suit, it is within petitioner's power to request and receive that letter essentially at will.

[16]    Rule 27 speaks only of depositions to perpetuate testimony whereas the thrust of the amended petition is principally to obtain the video tape and incident reports.

[17]    *E.g., In re Yamaha Motor Corp.,* 251 F.R.D. 97, 100 (S.D.N.Y. 2008); 6 MOORE'S FEDERAL PRACTICE § 27.13[4][a], at 27-25 to 27-26.